IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON ORLANDO SOLOMON                                                                PLAINTIFF

v.                                         Civil No. 4:18-cv-4001

OFFICER CAMPBELL, Miller County
Detention Center ("MCDC"); SERGEANT
SANDERS, MCDC; CAPTAIN ADAMS,
MCDC; and WARDEN WALKER, MCDC;
SHERIFF JACKIE REUNION;
CORPORAL HENDERSON, MCDC;
SERGEANT GRIFFIE, MCDC; and OFFICER
HENSLEY, MCDC                                                                          DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on May 29, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 49). Judge Bryant recommends that the Court deny Plaintiff Clifton Orlando Solomon's Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 37). Plaintiff filed objections. (ECF No. 53). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On January 4, 2018, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his constitutional rights while he was incarcerated at the Miller County Detention Center ("MCDC"). In relevant part, Plaintiff alleges that Defendant Campbell threatened him and placed him in lockdown without justification.

On May 11, 2018, Plaintiff filed a motion for injunctive relief, requesting that Defendant Campbell be removed from his position at the MCDC until Plaintiff is either released or transferred to the Arkansas Department of Correction ("ADC"). Plaintiff states that he lives in fear of his life

due to Defendant Campbell's offensive words toward him. On May 22, 2018, Defendants responded to the motion, arguing that Plaintiff failed to demonstrate the need for injunctive relief.

On May 29, 2018, Judge Bryant issued the instant Report and Recommendation. Judge Bryant recommends that the Court deny Plaintiff's motion for injunctive relief. Specifically, Judge Bryant finds that Plaintiff failed to show that he would be irreparably harmed without injunctive relief, that the Court is unable to determine Plaintiff's likelihood of success on the merits at this stage,[1] that granting injunctive relief would harm Defendants by directly interfering with the MCDC's prison operation and administration, and that the public interest would not be served by granting injunctive relief. Judge Bryant concluded that the Court should deny Plaintiff's motion. On June 4, 2018, Plaintiff filed objections to the Report and Recommendation.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. Plaintiff objects to the Report and Recommendation's finding that he has not demonstrated that he is likely to succeed on the merits. Plaintiff states that Defendant Campbell was reprimanded by the MCDC for using "abusive language." Plaintiff attaches to his objections a December 29, 2017, reprimand form indicating that Defendant Campbell was placed on disciplinary probation for the "use of offensive words or actions toward an offender." (ECF No. 53). Plaintiff also attaches to his objections an excerpt from interrogatories that he propounded on Defendants, in which Defendants stated, "It was found that Officer Campbell used offensive language, but that there was no threat." (ECF No. 53). Plaintiff argues that Defendant Campbell violated an official custom or policy of the MCDC by using abusive language toward him, which demonstrates that he is likely to succeed on the merits of his

---

[1] However, Judge Bryant noted that the Eighth Circuit has found that verbal threats and name calling are usually not actionable under section 1983.

claims against Defendant Campbell.[2] Plaintiff concludes that the Court should grant the requested injunctive relief.

The Court finds Plaintiff's objections unpersuasive. Plaintiff proceeds against Defendant Campbell in both his individual and official capacites. The Court will first address Plaintiff's likelihood of success on the merits of his individual capacity claim, and then the Court will address the official capacity claim.

The crux of Plaintiff's argument is that he will succeed on the merits of his section 1983 claim against Defendant Campbell because Defendant Campbell violated an MCDC policy prohibiting the use of offensive language against inmates. "[A]n internal jail policy or procedure does not create a constitutional right, nor does a correctional official's failure to follow such a regulation rise to the level of a § 1983 claim." *Brown v. Boone Cnty.*, No. 5:13-cv-3065-TLB, 2014 WL 4405433, at *5 (W.D. Ark. Sept. 5, 2014) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Thus, the likelihood of Plaintiff's success depends on whether Defendant Campbell's allegedly abusive language violated an established constitutional right. Judge Bryant correctly notes that verbal threats, name calling, or the use of offensive language generally do not state a cognizable claim under section 1983. *See, e.g.*, *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (finding an inmate's claims of general harassment and of verbal harassment were not actionable under section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (stating that verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) (finding that an inmate being called an obscene name and threatened with adverse action did not state a claim of constitutional dimension).

---

[2] Plaintiff's objections focus solely on Defendant Campbell's allegedly abusive language, so the Court will likewise confine its analysis to this act.

Plaintiff alleges only that Defendant Campbell used abusive language toward him, which causes him to live in fear for his life. This alone is unlikely to state a cognizable claim under section 1983. Therefore, the Court cannot find at this time that Plaintiff is likely to succeed on the merits of his individual capacity claim against Defendant Campbell for abusive language.

Plaintiff's official capacity claim against Defendant Campbell for abusive language is unlikely to fare much better. To succeed on his official capacity claim against Defendant Campbell, Plaintiff "must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity."[3] *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). Plaintiff does not appear to allege that Defendant Campbell used abusive language pursuant to an official custom, policy, or practice of Miller County. To the contrary, he argues that Defendant Campbell's allegedly abusive language violated the MCDC's policies prohibiting such behavior. In light of this allegation, the Court cannot find at this time that Plaintiff is likely to succeed on the merits of his official capacity claim against Defendant Campbell for abusive language.

Even assuming *arguendo* that Plaintiff showed that he is likely to succeed on the merits of his claims against Defendant Campbell, the Court finds that injunctive relief is still not warranted. As Judge Bryant discussed in his Report and Recommendation, the determination of whether a preliminary injunction is warranted involves consideration of: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties . . . ; (3) the probability that [the] movant will succeed on the merits;

---

[3] Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims are treated as claims against Miller County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

and (4) the public interest."[4] *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Although no single factor is dispositive, "the most critical factors . . . in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the [movant] will suffer irreparable harm if an injunction is not granted." *Chi. Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

Judge Bryant found that Plaintiff failed to show that he would suffer irreparable harm without an injunction, that granting injunctive relief would harm Defendants by interfering with the MCDC's prison operations and administration, and that the public interest would not be served through an injunction. Plaintiff's motion for injunctive relief and his objections to the instant Report and Recommendation do not discuss any of these other three *Dataphase* factors, nor does he argue that he satisfies them.

Upon consideration, the Court agrees with Judge Bryant that these three *Dataphase* factors weigh against issuing injunctive relief. Accordingly, the Court finds that the balance of the *Dataphase* factors weighs against granting Plaintiff's motion for injunctive relief. In addition, Plaintiff's "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). For these reasons, the Court finds that Plaintiff's motion for injunctive relief should be denied.

---

[4] The four *Dataphase* factors are also used to determine whether to issue a temporary restraining order. *See Williams v. Silvey*, No. 4:09-cv-211 FRB, 2009 WL 1920187, at *1 (E.D. Mo. July 1, 2009) (applying the *Dataphase* factors in denying a prisoner's motion for a temporary restraining order); *Cantrell v. Norris*, No. 5:05-cv-00356 JMM, 2007 WL 772568, at *1 (E.D. Ark. Mar. 9, 2007) (same). Thus, the Court's analysis for whether to grant a request for a temporary restraining order is the same as for a preliminary injunction.

## III. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff offers neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 49) *in toto*. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 37) is hereby **DENIED**.

**IT IS SO ORDERED**, this 22nd day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge